IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| AMOS L. BLALOCK, JR., | |
| Plaintiff, | |
| VS. | |
| Nurse NACY SUDDON;<br>Dr. JAMES C. ODOM;<br>Warden ROBERT GEER;<br>Deputy Warden TROY GAY; | NO. 7:12-CV-1 (HL) |
| Defendants. | **ORDER & RECOMMENDATION** |

Plaintiff **AMOS L. BLALOCK, JR.**, a prisoner at Thomas County Prison in Thomasville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that he is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Thomas County Prison.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that on November 3, 2011 he was working in the kitchen when he "fell down because of a lot of water on the floor." (Doc. 1 at 5). Plaintiff claims that the water had puddled on the floor "because the drains [are] plugged up." (Doc. 1 at 5). Plaintiff alleges that the plugged drains constitute "a violation and make[] the kitchen unsanita[ry]." (Doc. 1 at 5).

According to Plaintiff, he had surgery on his back previously and he re-injured his back in this fall. Plaintiff states that he informed Nurse Nacy Suddon on numerous occasions that he is in severe pain and has made numerous requests for medical assistance. Plaintiff alleges that she has refused to provide any assistance. Plaintiff also indicates that he has informed Dr. Odom, Warden Geer, and Deputy Warden Gay, but they refuse to provide medical help, or allow him to receive medical help, because they are "trying to save money." (Doc. 1 at 5). Plaintiff alleges that his condition is "only getting worse." (Doc. 1 at 5).

To the extent that Plaintiff claims the water on the floor made the kitchen so unsanitary that it constituted a violation of the Eighth Amendment, Plaintiff cannot prevail. The Court recognizes

that the Eighth Amendment to the United States Constitution provides that cruel and unusual punishment should not be inflicted. Moreover, the cruel and unusual punishments standard applies to the conditions of a prisoner's confinement. ***Rhodes v. Chapman,*** 452 U.S. 337, 345-46 (1981). However, the Constitution does not mandate comfortable prisons. ***Id.*** at 349. All that is required is that they be humane. ***Farmer v. Brennan***, 511 U.S. 825 (1994).

To prevail on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) "prison officials 'acted with a sufficiently culpable state of mind' with regard to the conditions at issue." ***Chandler v. Crosby***, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting ***Hudson v. McMillian***, 503 U.S. 1, 8 (1992)).

Under the first prong, the Court must "'assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk'." ***Id***. (quoting ***Helling v. McKinney***, 509 U.S. 25, 36 (1993)). The accumulation of water on the floor due to plugged drains is not so grave that exposure to this condition "violates contemporary standards of decency." ***Id***. Courts have explained that cases in which a prisoner claims his conditions of confinement violate the Eighth Amendment "turn on severity, duration, or a combination of both; all that must add up to 'extreme' to be actionable." ***Williams v. Grant***, No. CV408-203, 2009 U.S. Dist. LEXIS 95683 at 13 (S. D. Ga. Sept. 24, 2009). Plaintiff has not alleged such "extreme" conditions.

Because Plaintiff has not, even taking all of his allegations as true, established the first prong of the above-described test, the Court need not address the second prong. However, the Court does

4

note that Plaintiff has not alleged facts to show that any named Defendant "'acted with a sufficiently culpable state of mind'" with regards to water on the kitchen floor. *Chandler*, 379 F.3d at 1289 (quoting *Hudson*, 503 U.S. at 8).

It is therefore **RECOMMENDED** that Plaintiff's claim that water on the kitchen floor caused by the plugged drains violated the Eighth Amendment be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

To any extent that Plaintiff is attempting to hold the Defendants liable for his slip and fall, prison officials are not liable under § 1983 for mere negligence. Although a negligence claim may be sufficient to state a claim under state law, it is insufficient to establish a constitutional violation cognizable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence by prison officials, even if it results in injury to an inmate under their care, does not amount to a constitutional violation).

It is therefore **RECOMMENDED** that Plaintiff's claim that Defendants are liable for his slip and fall be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

However, Plaintiff has raised sufficient facts so that his claim that the Defendants have violated the Eighth Amendment by failing to provide any medical care following his fall should

proceed beyond this initial stage.

It is hereby **ORDERED** that service be made against Defendants NACY SUDDON, Dr. JAMES ODOM, ROBERT GEER, AND TROY GAY and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and

correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following

7

limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 13th day of January, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb