# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

AMOS L. BLALOCK, JR.,                    :
                                         :
            Plaintiff,                   :
                                         :
     VS.                                 :
                                         :          **7 : 12-CV-01 (HL)**
NANCY WALKER-SUTTON,                     :
DR. JAMES C. ODOM,                       :
WARDEN ROBERT GEER, and                  :
DEPUTY WARDEN TROY GAY,                  :
                                         :
            Defendants.                  :
_____:

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are motions for summary judgment filed on behalf of Defendants Walker-Sutton and Odom, and Defendants Geer and Gay. (Docs. 27, 31).   The Court notified the Plaintiff of the filing of the Defendants' motions for summary judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's Orders.   (Docs. 30, 34).   The Plaintiff did not respond.

Plaintiff filed this action in January 2012, raising allegations of deliberate indifference to his serious medical needs.   (Doc. 1).   Plaintiff maintains that while he was incarcerated at Thomas County Prison, he injured his back as a result of slipping on a wet floor in the prison kitchen on or about November 3, 2011.   According to the Plaintiff, the fall on November 3, 2011 caused re-injury to his back, as he had previously undergone back surgery.   Plaintiff maintains that he informed Defendant Walker-Sutton, a nurse at Thomas County Prison, on numerous occasions of his back pain, but that he was never provided any treatment by

Walker-Sutton or Defendant Odom, a physician at the prison.   Specifically, Plaintiff maintains that he was not provided an x-ray of his back.   Plaintiff further maintains that Defendants Geer and Gay, Warden and Deputy Warden respectively of the Thomas County Prison, knew of Plaintiff's complaints but did nothing in response to Plaintiff's complaints of pain, in an attempt to save money.

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.   "If a party fails to properly support an assertion of

fact or fails to properly address another party=s assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials B including the facts considered undisputed B show that the movant is entitled to it@  Fed.R.Civ.P. 56(e)(3). The Defendants have supported their motions for summary judgment with the affidavits of Defendants Walker-Sutton and Odom, the affidavit of Marvin Pittman, and portions of the Plaintiff's medical records.   (Docs. 28, 33, 36).

In their motions for summary judgment, Defendants assert that the Plaintiff has failed to establish a claim of deliberate indifference to serious medical needs, in that he cannot establish the Defendants' knowledge of serious medical conditions and the Defendants' intent to deprive Plaintiff of necessary treatment.   It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   AТо show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.   First, a plaintiff must set forth evidence of an objectively serious medical need.   Second, a plaintiff must prove that the prison official acted with an attitude of >deliberate indifference= to that serious medical need.@  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).   A[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.@  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In their affidavits, Defendants Walker-Sutton and Odom testify that Plaintiff received treatment for low back pain, allegedly resulting from a fall, beginning on November 7, 2011 at

Thomas County Prison.   (Doc. 28-1, ¶¶ 7,8; Doc. 28-2, ¶¶ 7,8).   On November 7, 2011, Defendant Walker-Sutton assessed and treated the Plaintiff for his back pain, finding no numbness, swelling, deformity or bruising, but noting Plaintiff's complaint of intermittent pain and history of back surgery.   (Doc. 28-1, ¶¶ 8, 9).   Dr. Odom evaluated Plaintiff on November 11, 2011, noting right lumbar spine tenderness and pain on leg raising, but finding that x-rays were not necessary given the soft tissue nature of the injury.   (Doc. 28-2, ¶¶ 12, 13).   Dr. Odom prescribed a pain medication, and this prescription was renewed in November 2011 and in December 2011.   *Id.* at ¶¶ 13, 15.   On December 14, 2011, Defendant Walker-Sutton notified Dr. Odom that Plaintiff was requesting additional pain medication, after having deviated from the prescribed dosage.   (Doc. 28-1, ¶¶18, 19; Doc. 28-2, ¶ 19).

Dr. Odom declined Plaintiff's request for an increased dosage of pain medication on December 14, 2011, and the Plaintiff was eventually removed from the self-administration of his medication, based on concern that Plaintiff was improperly self-administering his medication.   (Doc. 28-2, ¶¶ 20, 22).   Dr. Odom examined the Plaintiff again on January 4, 2012 based on complaints of back pain, and Dr. Odom prescribed additional pain medication and requested Plaintiff be transferred to a medical facility for evaluation regarding additional back surgery.   (Doc. 28-2, ¶ 23).   Dr. Odom repeatedly renewed Plaintiff's prescriptions for pain medication until Plaintiff was transferred from Thomas County Prison on January 25, 2012.   (Doc. 28-2, ¶¶ 24-27, 28).

According to documents filed in support of Defendants Geer and Gay's Motion for Summary Judgment, Plaintiff reported his November 2011 fall to Correctional Officer Marcus Pittman at the Thomas County Prison, who then filed an incident report with prison officials.

4

(Doc. 33, ¶¶ 6- 14).   Pittman related that Plaintiff reported his fall in the kitchen on a wet floor, although Pittman did not observe any liquid on the floor or on Plaintiff's clothing.   *Id.* at ¶ 8.   Plaintiff was able to go back to work, and Pittman told Plaintiff to let him know if Plaintiff needed any aspirin.   *Id.* at ¶¶ 9-11.

The Defendants have established by reference to affidavits and the Plaintiff's medical records that the Plaintiff received medical care for his back condition shortly after his fall on November 3, 2011 and continuing through January 2012, and that the Defendants did not deny Plaintiff medical care for any alleged injuries or conditions about which they had knowledge during the time period in question.   Plaintiff's medical records show that he was seen by medical staff at least seven (7) times between the time of his fall on or about November 3, 2011 and January 25, 2012, when he was transferred to another facility, and show that Plaintiff received pain medication and evaluation for his back pain complaints.   (Doc. 36).

Plaintiff's medical records, Defendants Walker-Sutton and Odom's affidavit testimony, and the affidavit testimony of Marvin Pittman establish that the Plaintiff was provided medical care when the Plaintiff appeared to have, or presented with, a medical need.   The Defendants have thus met their burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided to the Plaintiff.   The burden now shifts to the Plaintiff to rebut the Defendants' summary judgment showing.   *Celotex*, 477 U.S. at 324.

However, Plaintiff has not responded to the Defendants' motions for summary judgment.   Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to establish that the Defendants acted with deliberate indifference to any serious medical condition suffered by the Plaintiff.

The affidavits of Defendants Walker-Sutton and Odom, the affidavit of Marvin Pittman, and the Plaintiff's medical records detail the medical attention and treatment Plaintiff received while confined at Thomas County Prison, including evaluations and pain medication. Plaintiff simply asserts that said treatment was inadequate.   In regard to Defendants Geer and Gay, the Plaintiff has failed to provided anything more than conclusory allegations that Geer and Gay denied Plaintiff needed medical care.

To the extent that the Plaintiff disagrees with the course of treatment provided, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference.   "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.   Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).   Furthermore, the Plaintiff has failed to establish that any delay in treatment exacerbated his conditions.   "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002).   "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising

to the level of a constitutional tort.   The known risk of injury must be 'a strong likelihood, rather than a mere possibility'".   *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff has failed to rebut the evidence of record establishing that the Plaintiff was provided with treatment for his medical condition.   "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments."   *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).   As in *Hamm*, the "evidence shows that [Plaintiff] received significant medical care while at the [prison].   Although [Plaintiff] may have desired different modes of treatment, the care the [prison] provided did not amount to deliberate indifference." *Id.*

To the extent that the Plaintiff brings official capacity claims against Defendants Geer and Gay, or has attempted to hold these Defendants vicariously liable, his claims fail.   In suits brought pursuant to 42 U.S.C. § 1983, officials cannot be held liable solely on the basis of respondeat superior or vicarious liability.   *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the Plaintiff must allege that the named Defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).   In order to establish liability in the absence of a Defendant's personal participation, Plaintiff must show either that a history of widespread abuse put the responsible supervisor on notice of the need to correct the alleged deprivation, and he failed to do so, or that "a supervisor's custom or policy result[ed] in deliberate indifference to constitutional

7

rights".   *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (*internal citations omitted*). Herein, the Plaintiff has failed to point to or establish Defendant Geer and Gay's personal participation in the alleged denial of medical care or a custom or policy that resulted in such denial.

Based on the Plaintiff's failure to establish that the Defendants acted with deliberate indifference to his serious medical needs, it is the recommendation of the undersigned that the Defendants' motions for summary judgment be **GRANTED**.   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 26th day of November, 2012.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb